UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY T. CAVELLINI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL F. HARRIS, et al., <br><br> Defendants. | Case No. 93-cv-00057-SBA (KAW) <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ASSIGNMENT ORDER AGAINST JUDGMENT DEBTOR <br><br> Dkt. No. 350 |

On October 2, 2014, Plaintiffs and Judgment Creditors (hereafter "Plaintiffs") filed a motion for assignment order against Judgment Debtor Michael F. Harris to assign any and all rights to payment of money, general intangibles, claims for payment of money, and any entitlement or right to payment of money or property under the Rita Harris Trust, the Gilbert Harris Bypass Trust and/or the Michael Harris Discretionary Trust, that is or may become due, payable to, in favor of, owned by, for the benefit of, in trust for, owed to, payable in the name of, or for payment of any liabilities of, Judgment Debtor Michael Harris, to Judgment Creditors herein for purposes of payment of the Judgment herein, together with accrued interest, plus costs and fees as may be allowed, until paid in full. (Pl.'s Mot., Dkt. No. 350 at 2.)

On August 6, 2015, the Court held a hearing, and, for the reasons set forth below, GRANTS IN PART AND DENIES IN PART Plaintiffs' motion for assignment order against Judgment Debtor Michael Harris.

**I. BACKGROUND**

In 1998, the district court granted summary judgment against Michael Harris for self-dealing, prohibited transactions and breaches of fiduciary duty under ERISA involving the Harris Realty Pension Plan in 1998, and awarded damages in an amount of over $1,000,000 (including

attorneys' fees and costs), later renewed in 2008 for a total amount of approximately 1.6 million dollars. (Pl.'s Mot. at 3; Dkt. No. 255). The Ninth Circuit affirmed the judgment. *Cavellini v. Harris*, 1999 U.S. App. LEXIS 19692 (August 10, 1999).

In parallel criminal proceedings, Michael Harris was convicted of theft, false statements and mail fraud involving the same Pension Plan transactions, which was affirmed on appeal. *United States v. Harris*, 185 F.3d 999, 1003 (9th Cir. 1999). As part of that criminal case, Michael Harris was ordered to make restitution in the amount of $646,000.00. Sentencing Hearing Minutes, *United States v. Harris,* Case No.3:95-CR-00227-TEH (N.D. Cal. June 9, 1997), ECF No. 127.

Thereafter, Plaintiffs conducted an asset search and discovered several bank accounts apparently owned by Michael Harris. Plaintiffs levied accounts held at Chase Bank in Brentwood, California (Dkt. No. 278), and Vanguard Mutual Funds in Pennsylvania. The levy on Vanguard determined that Michael Harris held approximately $500,000.00 in funds, allegedly in a "representative capacity" for his parents' family trusts. (Pls.' Mot. at 3.) The parties ultimately stipulated that the Chase Bank accounts would pay a total of $10,264.86 to Plaintiffs. (Dkt. No. 305.)

As to the Vanguard accounts, Vanguard provided Plaintiffs with partial copies of the trust instruments that Michael Harris had sent them when opening the accounts. (Decl. of Geoffrey White in support of Mot. for Assignment, "White Decl.," Dkt. No. 350-1 ¶ 2.) On January 9, 2014, Harris underwent a judgment debtor's examination, where he identified the partial trust documents but failed to bring his copies to the deposition, and stated that the Howard Neal's law office would have them. (1/9/14 Tr. of Michael Harris's J. Debtor Examination, "Tr.," White Decl., Ex. 1 at 21-34.) Harris testified that the trust documents had been revised in 1998, and thereafter, to shield assets from Plaintiffs' Judgment against him, by placing those assets in a spendthrift trust, although he had already borrowed over $300,000.00 from that trust for his personal use. (Tr. 17-18.) During his examination, Harris could not identify any limitations on the amounts he could withdraw from the Trusts. (Tr. 40-42.) He admitted that the Michael Harris spendthrift trust was not yet in existence, and the only actual trusts were the Gilbert Harris Bypass

Trust and the Rita Harris Trust. (Tr. 43-44.)  Harris refused to use his powers as a Co-Trustee or beneficiary to pay any amount toward the judgment in this case. (Tr. 49-55.)

On February 20, 2014, the next day of the Debtor's Examination, Harris provided documents to show that he had borrowed $150,000 from the Rita Harris Trust to buy a 5 bedroom home in Brentwood, California, together with a second straight note for $154,670, and a listing of checks he had written to himself from the Rita Harris Trust totaling $174,670, which he claimed were also loans. (White Decl. ¶ 15, Ex. 11.)  The property is in his wife Patricia Larson's name. (Grant Deed, Def.'s Br., Dkt. No. 364, Ex. B.)

The Trust documents subsequently provided by Howard Neal's law firm show that all loans to Harris and Larson will be forgiven upon the death of Rita Harris. (White Decl. ¶ 14, Ex. 10 at N0169.)  In addition, copies of checks provided to Plaintiffs by Bank of America show that Michael Harris also wrote checks totaling over $350,000 from the Rita Harris Trust to Harris Realty Services, a business he formerly owned and which is now owned by his daughter. Virtually all of these checks were noted to be for construction on the real property at 1881 – 6th St., Livermore, a parcel that Harris stands to inherit from the Rita Harris Trust. (White Decl. ¶ 16, Ex. 12.)

On October 2, 2014, Plaintiffs filed the motion for assignment order. (Pls.' Mot., Dkt. No. 350.)  On October 16, 2014, Judgment Debtor filed his opposition. (Def.'s Opp'n, Dkt. No. 351.) On October 23, 2014, Plaintiffs filed their reply. (Pls.' Reply, Dkt. No. 353.)  The motion was later referred for the undersigned. (Dkt. No. 375.)  On October 9, 2014, Judgment Debtor resigned as Trustee of the Rita E. Harris Trust. (Decl. of Michael F. Harris, Dkt. No. 352 ¶ 1, Ex. A.)

On October 30, 2014, the district court issued an abstract of judgment in this civil matter in the amount of $1,685,470.54. (Dkt. No. 356.)

On November 4, 2014, the Court ordered the parties to provide supplemental briefing on whether the undersigned has the ability to issue an assignment order. (Dkt. No. 359.)  On December 2, 2014, Plaintiffs filed a supplemental brief. (Pls.' Br., Dkt. No. 361.)  On December 15, 2014, Defendant filed a supplemental brief. (Def.'s Br., Dkt. No. 364.)

On April 16, 2015, Defendant filed a notice of death of trustor Rita E. Harris. (Dkt. No.

3

367.) On April 17, 2015, the Court ordered the parties to submit additional briefing on the effect of Mrs. Harris's death on the pending motion, and whether the district court, a court of limited jurisdiction, can grant all of the relief requested in the original motion. (Dkt. No. 368.) On May 21, 2015, Plaintiffs filed a second supplemental brief. (Pls.' 2d. Br., Dkt. No. 372.) On June 2, 2015, Defendant filed a second supplemental brief. (Def.'s 2d. Br., Dkt. No. 374.)

On August 6, 2015, the undersigned held a hearing on the motion, at which the parties requested the opportunity to submit additional briefing. On August 5, 2015, Plaintiffs filed a third supplemental brief. (Pl.'s 3d. Br., Dkt. No. 377.) On August 11, 2015, Defendant filed a response. (Def.'s 3d. Br., Dkt. No. 379.)

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 69, a federal court may enforce a money judgment in accordance "with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).  Under California law, where a judgment creditor can identify a person or entity obligated to make payment to the judgment debtor, and where the right to payment is assignable, the right to payment may be assigned from the third party obligor to the judgment creditor. Cal. Civ. Proc. Code § 708.510(a). Notwithstanding, "[w]here a specific amount of the payment or payments to be assigned is exempt by another statutory provision, the amount of the payment or payments to be assigned pursuant to subdivision (a) shall not exceed the amount by which the payment or payments exceed the exempt amount." Cal. Civ. Proc. Code § 708.510(f).

A "judgment debtor's interest as a beneficiary of a trust is subject to enforcement of a money judgment only upon petition under this section by a judgment creditor to a court having jurisdiction over administration of the trust. . . ." Cal. Civ. Proc. Code § 709.010(b).  The probate court has exclusive jurisdiction over proceedings concerning the internal affairs of trusts. Cal. Prob. Code § 17000(a).  Proceedings concerning internal affairs include determining the validity of a trust provision, instructing the trustee to take action, and the exercising of the trustee's discretion. Cal. Prob. Code § 17200(b). The probate court has concurrent jurisdiction in "[a]ctions and proceedings by or against creditors or debtors of trusts" and "[o]ther actions and proceedings

4

involving trustees and third persons." Cal. Prob. Code § 17000(b)(2-3).

## III. DISCUSSION

The Rita E. Harris Trust was a revocable trust, with Mrs. Harris as Trustor, but became irrevocable upon her death. (White Decl., Ex. 6.) While Michael Harris was originally a co-trustee, he resigned. Thereafter, the Trust was amended to name grandchildren Scott Harris and Holly Harris as additional Co-Trustees. (Dkt. No. 372-1 at 4.) Pursuant to terms of the Rita E. Harris Trust, at her death, the Co-Trustees are directed to distribute the trust estate by giving 50%, free of trust, to the children of Kathleen Harris Day, and distribute the remaining 50% to the Michael Flynn Harris Discretionary Trust. (*See* Pls.' 2d. Br. at 3; White Decl., Ex. 10 at 3.) The Michael Flynn Harris Discretionary Trust is a support trust to be used for Harris's "health, maintenance, education, and best interest." (White Decl., Ex. 6. at 6.) All payments from this trust are at the absolute discretion of the Trustees. *Id.* At the hearing, Defense counsel stated that the trust was not yet believed to be in existence, but that he believed that the Co-Trustees were Scott and Holly Harris.

Additionally, all of the trusts contain spendthrift provisions. (White Decl., Ex. 6 at 6-7.) Thus, the debtor's interest in the trusts may not be transferred and are not subject to enforcement of a money judgment until a distribution is paid to him. Cal. Prob. Code § 15300.

In their motion, Plaintiffs seek an assignment order for all distributions made to Michael Harris, a restraining order to prevent him from continuing to siphon off of assets from the trusts, and are seeking to compel the bank statements for all of the trusts.

### A. A restraining order should not be issued.

Plaintiffs' requested restraining order to prevent Harris's access to trust funds is inappropriate for several reasons. Not only did the death of Rita Harris result in all of Debtor's loans being forgiven, but Harris's resignation as trustee removed his access to the Trust property. Even if Harris was still the trustee, restricting a trustee's access to the funds in a trust involves the internal affairs of the trust, such that the probate court is a more suitable forum for any such proceedings. *See* Cal. Prob. Code §§ 17000(a), 17200(b)(6).

At the hearing, Plaintiffs asked that the restraining order be issued to ensure that the

Trustees comply with the assignment order. The Trust, however, was not given notice of these proceedings.

Mrs. Harris's death and the resignation of the Debtor as co-trustee render the requested restraining order unnecessary. Moreover, the Trusts were not given notice of these proceedings, so any requested restraining order that enjoins the Trusts shall not be issued. Thus, Plaintiffs' request for a restraining order is denied.

**B. Whether the district court has jurisdiction to issue an assignment order.**

Debtor argues that the applicable statutory provision is California Code of Civil Procedure § 709.010, which deprives the district court of the ability to issue an assignment order, because any motion for assignment must be filed in Contra Costa County Superior Court. (Def.'s Opp'n at 1.) Section 709.010 states that:

> [t]he judgment debtor's interest as a beneficiary of a trust is subject to enforcement of a money judgment only upon petition under this section by a judgment creditor **to a court having jurisdiction over administration of the trust as prescribed in Part 5 (commencing with Section 17000) of Division 9 of the Probate Code.** The judgment debtor's interest in the trust may be applied to the satisfaction of the money judgment by such means as the court, in its discretion, determines are proper, including but not limited to imposition of a lien on or sale of the judgment debtor's interest, collection of trust income, and liquidation and transfer of trust property by the trustee.

Cal. Civ. Proc. Code § 709.010(b)(emphasis added). Debtor argues that the only court having jurisdiction is the Superior Court. *Id.* The Law Revision Commission Comments to Probate Code § 17000 provides that the intent was "that the department of the superior court that customarily deals with probate matters will exercise the exclusive jurisdiction relating to internal trust affairs provided by subdivision (a)." Official Law Revision Comm'n Comments, Cal. Prob. Code § 17000 (1990). Generally, this section is interpreted to require a judgment creditor "to petition the probate court before it can satisfy its money judgment from the judgment debtor's interest in a trust." Cal. Judges Bench Book Civ. Proc. after Trial, Part A. [§ 7.85] Nature of Remedy, 20XX WL 8678477.

Further, the Probate Code expressly limits concurrent jurisdiction to "(1) Actions and proceedings to determine the existence of trusts. (2) Actions and proceedings by or against

6

1  creditors or debtors of trusts. (3) Other actions and proceedings involving trustees and third
2  persons." Cal. Prob. Code § 17000(b).  Here, none of these situations apply.  First, there is no
3  dispute that the trusts exist.  Second, this does not concern creditors or debtors of the trusts.  *See*
4  discussion *infra* Part III.E.  Lastly, Harris is no longer a trustee.

Notwithstanding, state law cannot oust a federal court of subject matter jurisdiction to enforce its own judgments under Federal Rule of Civil Procedure 69(a). *See In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 988 (9th Cir. 2008).  Indeed, "[i]n the absence of controlling federal statutes, 'the district court has the same authority to aid judgment creditors as that provided to state courts under local law.'" *Duchek v. Jacobi*, 646 F.2d 415, 417 (9th Cir. 1981) (quoting *United States ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1357 (8th Cir. 1979)).  Under California law, "the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due." Cal. Civ. Proc. Code § 708.510(a).  Therefore, the district court may, in its discretion, issue an assignment order to aid in the enforcement of a federal court judgment under § 708.510.

**C. Whether the court has jurisdiction to invalidate the Trusts' spendthrift provisions.**

Initially, Plaintiffs argued that the spendthrift provisions of the Trusts are invalid because Harris has been siphoning off trust assets for several years. (Pls.' Mot. at 9; Pls.' Br. at 4.)  In the case of a spendthrift trust, "the beneficiary's interest in income under the trust may not be transferred and is not subject to enforcement of a money judgment until paid to the beneficiary." Cal. Prob. Code § 15300.  To the extent that Plaintiffs argue that the spendthrift provisions are invalid, the probate court is better suited to make this determination, because spendthrift provisions involve the internal affairs of the trust.  *See* Cal. Prob. Code § 17000(a).  At the hearing, Plaintiffs clarified that they are not attempting to invalidate the spendthrift provisions.  Rather, they are seeking the assignment of any discretionary distributions made to Harris.

Accordingly, the court declines to invalidate the spendthrift provisions of the Trusts.

**D. Whether the money owed is a restitution judgment.**

The Court asked the parties to brief whether the judgment owed would qualify as a restitution judgment.  Pursuant to the California Probate Code, a restitution judgment is "a

judgment awarding restitution for the commission of a felony or a money judgment for damages incurred as a result of conduct for which the defendant was convicted of a felony." Cal. Prob. Code § 15305.5(a). Assuming that the monies owed by Harris constitute a restitution judgment, a restitution judgment in a federal criminal case may only be enforced in state court. 18 U.S.C. § 3664(m)(1)(B). Since a federal statute clearly divests the district court of jurisdiction, it cannot order the debt paid as a restitution judgment.

### E. Whether an assignment order can be issued on the grounds that Mr. Harris is a debtor of the Trusts.

The parties agree that, upon the death of Rita Harris, any loans obtained by Mr. Harris have been forgiven. (*See* Pl.'s 2d. Br. at 2.) Therefore, he is no longer a debtor of the Trusts and no assignment order may be issued on those grounds.

### F. Whether an assignment order should be issued.

As provided above, the district court has the ability to issue an assignment order to enforce a federal court judgment. *See* discussion *supra* Part III.B. Debtor argues that the most that can be compelled to be paid of any distributions would be 25% above what Harris needs for his support. (Def.'s 2d. Br. at 2-3.) Pursuant to Probate Code §15306.5(b), "an order . . . may not require that the trustee pay in satisfaction of the judgment an amount exceeding 25 percent of the payment that otherwise would be made to, or for the benefit of, the beneficiary." *See also Young v. McCoy*, 147 Cal. App. 4th 1078, 1085 (Cal. Ct. App. 2007).

Here, however, Plaintiffs are not attempting to compel distributions from the Trusts. If they were, they would likely be required to file a probate action in state court in light of California Code of Civil Procedure § 709.010. *See* discussion *supra* Part III.B. Indeed, Plaintiffs conceded at the hearing that they must file an action against the trustees, as representatives of the Trusts, to be made whole.

At this juncture, the Court need only determine whether any distributions made to Michael Harris should be subject to assignment. As set forth above, the district court may, in its discretion, issue an assignment order to aid in the enforcement of a federal court judgment under § 708.510. *See* discussion *supra* Part III.B. Since Plaintiffs are not attempting to invalidate any trust

provisions, the Court must determine (1) whether to issue the assignment order and (2) whether any claims of exemption apply.

The Court finds that distributions made to Michael F. Harris from the Rita Harris Trust, the Gilbert Harris Bypass Trust and/or the Michael Harris Discretionary Trust are subject to assignment. Debtor, however, did not file a claim of exemption as required by California Code of Civil Procedure § 708.550(a), which required him to file a noticed motion no later than three days before the original hearing date on the judgment creditor's application for an assignment order. In opposition to the initial motion for assignment, however, Debtor's position was that § 708.510 was inapplicable, and later requested that, should the Court determine otherwise, he be granted leave to file a claim of exemption pursuant to § 708.550. (Def.'s 3d. Br. at 1.) The Court GRANTS Debtor leave to file a claim of exemption, such that Debtor may file a properly noticed motion for claim of exemption within 14 days of this order, along with the requisite financial affidavit. Debtor is reminded that, should he claim an exemption for his support under § 708.510(c)(1), he must include all information regarding the earning and assets of him, his wife, and others in accordance with California Code of Civil Procedure § 703.530(b). Should Debtor fail to file a timely claim of exemption, all exemptions will be waived. *See* Cal. Civ. Proc. Code § 708.550(a).

**G. Bank statements cannot be compelled from Mr. Harris.**

Plaintiffs also seek to compel copies of bank statements from all of the trusts. (Pls.' Mot. at 9; Pls.' 2d. Br. at 2.) Harris, however, is no longer a trustee, and only the trustees can be compelled to provide bank statements and financial accounting for the trusts. *See* Cal. Prob. Code § 17200(b). At the hearing, Plaintiffs conceded that they would need to subpoena the records from the trustees.

**H. No lien can be attached to property not owned by Mr. Harris.**

In their first supplemental brief, Plaintiffs sought to attach a lien to the Brentwood, California home in which Harris resides. (Pls.' Br. at 2.) The grant deed for the property is in wife Patricia Larson's name. (Def.'s Br., Ex. 2.) While it is likely that Harris has some legal ownership interest in the property, that interest is currently unknown. At the hearing, Plaintiffs withdrew their request to attach a lien to the Brentwood property.

## IV. CONCLUSION

In light of the foregoing, the undersigned GRANTS IN PART AND DENIES IN PART Plaintiffs' motion for assignment order against judgment debtor. Specifically, the Court GRANTS Plaintiff's motion to the extent that distributions made to Michael F. Harris from the Rita Harris Trust, the Gilbert Harris Bypass Trust and/or the Michael Harris Discretionary Trust are subject to assignment. Whether an exemption applies, however, may affect the amount and/or percentage of monies assigned.

In the interest of justice, Debtor's request for leave to file a claim of exemption under California Code of Civil Procedure § 708.550 is GRANTED, and Debtor shall file a properly noticed motion for claim of exemption within 14 days of this order, which includes a financial affidavit that complies with California Code of Civil Procedure § 703.520. Failure to make a timely claim of exemption constitutes a waiver of the exemption, and all distributions to Debtor from the Trusts will be assigned to Plaintiffs. *See* Cal. Civ. Proc. Code § 708.550(a).

Should any trust distributions be made to Harris prior to the resolution of any claim of exemption, 100% of those those proceeds shall be assigned to Plaintiffs in partial satisfaction of Debtor's outstanding judgment.

Plaintiffs' request for a restraining order is DENIED.

IT IS SO ORDERED

Dated: November 10, 2015

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge