UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY T. CAVELLINI, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICHAEL F. HARRIS, et al.,<br><br>    Defendants. | Case No. 93-cv-00057-SBA  (KAW)<br><br>**ORDER DENYING DEBTOR'S CLAIM OF EXEMPTION**<br><br>Re: Dkt. No. 383 |

On November 10, 2015, the Court granted Plaintiffs' motion for an assignment order against Judgment Debtor Michael F. Harris to the extent that distributions made to Michael F. Harris from the Rita Harris Trust, the Gilbert Harris Bypass Trust and/or the Michael Harris Discretionary Trust are subject to assignment. (Dkt. No. 382.)  The Court gave Debtor leave to file a claim of exemption under California Code of Civil Procedure § 708.550, and required Debtor to file a properly noticed motion for a claim of exemption within 14 days.

On November 23, 2015, Debtor filed a claim of exemption.  On June 16, 2016, the Court held a hearing, and, for the reasons set forth below, DENIES Debtor's claim of exemption.

## I.   BACKGROUND

In 1998, the district court granted summary judgment against Michael Harris for self-dealing, prohibited transactions and breaches of fiduciary duty under ERISA involving the Harris Realty Pension Plan in 1998, and awarded damages in an amount of over $1,000,000 (including attorneys' fees and costs), later renewed in 2008 for a total amount of approximately 1.6 million dollars. (Dkt. No. 255).  The Ninth Circuit affirmed the judgment. *Cavellini v. Harris*, 188 F.3d 512 (9th Cir. 1999).

In parallel criminal proceedings, Michael Harris was convicted of theft, false statements

and mail fraud involving the same Pension Plan transactions, which was affirmed on appeal. *United States v. Harris*, 185 F.3d 999, 1003 (9th Cir. 1999). As part of that criminal case, Michael Harris was ordered to make restitution in the amount of $646,000.00. Sentencing Hearing Minutes, *United States v. Harris,* Case No. 3:95-CR-00227-TEH (N.D. Cal. June 9, 1997), ECF No. 127.

On October 2, 2014, Plaintiffs filed the motion for assignment order. (Dkt. No. 350.) On October 30, 2014, the district court issued an abstract of judgment in this civil matter in the amount of $1,685,470.54. (Dkt. No. 356.) On April 16, 2015, Defendant filed a notice of death of trustor Rita E. Harris. (Dkt. No. 367.) After additional supplemental briefing, the Court held a hearing on August 6, 2015. On November 20, 2015, the Court granted in part Plaintiffs' motion, finding that distributions from the Trusts were subject to assignment to satisfy the judgment. (Dkt. No. 382.) The Court, however, granted Debtor leave to file a claim of exemption, "which includes a financial affidavit that complies with California Code of Civil Procedure § 703.520." *Id.* at 10. Debtor was advised that the "[f]ailure to make a timely claim of exemption constitutes a waiver of the exemption, and all distributions to Debtor from the Trusts will be assigned to Plaintiffs. *Id.*

On November 23, 2015, Debtor filed a claim of exemption. (Def.'s Mot., Dkt. No. 383.) On November 30, 2015, Plaintiffs filed an opposition. (Pls.' Opp'n, Dkt. No. 384.)

On June 16, 2016, the Court held a hearing on the claim of exemption, and granted leave to the Debtor to file a supplemental letter to clarify the statutory basis for his claim of exemption. On June 21, 2016, Debtor filed the supplemental letter. (Def.'s Suppl. Letter, Dkt. No. 389.) On June 27, 2016, Plaintiffs filed a response. (Pls.' Suppl. Letter, Dkt. No. 390.)

## II.   LEGAL STANDARD

When a judgment creditor files a motion for an assignment order, a judgment debtor who wishes to claim that all or a portion of the right to payment is exempt from enforcement of a money judgment, must file the exemption claim by noticed motion along with an affidavit and a copy of his financial statement with the levying officer. Cal. Civ. Proc. Code §§ 703.520, 708.550(a). Generally, the claim must be served on the judgment creditor no less than three days before the hearing date. Cal. Civ. Proc. Code § 708.550(b). The court decides whether to grant the

claim of exemption based on the declaration of the parties and any evidence presented at the hearing. *Kono v. Meeker*, 196 Cal. App. 4th 81, 86 (2011); *Kilker v. Stillman*, 233 Cal. App. 4th 320, 330 (2015); Cal. Code Civ. Pro. § 708.550(c). The debtor claiming an exemption bears the burden of proving that an exemption applies. Cal. Civ. Proc. Code § 703.580(b).

### III.    DISCUSSION

#### A.    Whether the financial statement was executed under oath

The November 10, 2015 order explicitly required Debtor to "file a properly noticed motion for claim of exemption within 14 days of this order, which includes a financial affidavit that complies with California Code of Civil Procedure § 703.520." (Dkt. No. 382 at 10.)  Debtor was advised that the failure to make a timely claim would constitute a waiver, "and all distributions to Debtor from the Trusts will be assigned to Plaintiffs." *Id.*

A claim of exemption must include a financial statement if required by § 703.530. Cal. Civ. Proc. Code § 703.520(b)(4). Section 703.530 requires that a financial statement, executed under oath by the judgment debtor and the spouse of the judgment debtor, shall be furnished with a claim of exemption "[i]f property is claimed as exempt pursuant to a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor. . . ." Cal. Civ. Proc. Code §§ 703.530(a),(c).  Here, the documents presumably constituting the financial statement, which list Debtor's and Ms. Larson's assets, earnings, and liabilities, were not clearly executed under oath even though the "Debtor's Claim of Exemption" document, to which they were attached, was so executed. (*See* Def.'s Mot. at 5.)

Since the claim of exemption was executed under oath, and the documents were attached as exhibits, the Court will treat the statements as if they were also so executed.  Thus, Debtor has not waived his right to a claim of exemption.

#### B.    Whether the assignment order in the criminal matter affects the order of assignment

At the hearing, and without the benefit of formal briefing, Debtor argued that the assignment was mooted by the entry of a disposition in the criminal matter, which requires the co-

3

trustees—Scott Harris, Kevin Harris, and Holly Harris—to garnish all future amounts payable to Debtor, and effectively assign all distributions to the United States until the criminal judgment is paid in full. *See* Distribution Order, *United States v. Harris,* Case No. 3:95-CR-00227-TEH (N.D. Cal. Feb. 10, 2016), ECF No. 197. The issue of which assignment order would have priority, however, is not before the undersigned. As such, it does not affect this Court's decision regarding Debtor's claim of exemption.

### C. Merits

#### i. Debtor's Present Assets

Debtor contends that all of his property, including his social security benefits and business assets are, exempt under various state and federal statutes. (Def.'s Mot. at 3.) He also contends that Ms. Larson's assets are not liable for his debts pursuant to the premarital agreement. *Id.* at 2.

In his financial statement, Debtor listed property, previously classified as separate property, as community property. Specifically, according to the premarital agreement, the 2010 Highlander automobile is Debtor's separate property, and Ms. Larson has no interest. (Premarital Agreement, Def.'s Mot., Ex. A ¶ 4.2; Premarital Agreement, Ex. B.) In the financial statement, Debtor and Ms. Larson represent that the Highlander is actually community property, and is "[n]ecessary in both businesses."[1] (Def.'s Mot., Ex. D.) The premarital agreement, however, does not allow for a conversion of separate property into community property. (Premarital Agreement ¶ 9.3.) Thus, the Highlander is Debtor's separate property and was improperly excluded from his list of assets in violation of state law. Cal. Civ. Proc. Code § 703.530(b)(4). The Court notes that Debtor failed to list any other personal property as assets in relation to his claim of exemption even though his premarital agreement lists $2,000 in personal property.

In opposition, Plaintiffs call attention to the fact that Debtor's claim of exemption, including the identified exemptions, predominantly addresses how Debtor and Ms. Larson's present assets are exempt from execution levy. (Pls.' Opp'n at 2.) Plaintiffs provide that they are

---

[1] The Court notes that the veracity of Debtor's representation that the Highlander is used for business purposes is not credible, because he admitted at the hearing that he has not operated his business during the past two years.

4

1   not attempting to levy those assets or income. *Id.*  Rather, they are attempting to obtain a right to
2   payment from distributions made from the Harris Trusts. *Id.*

### ii. Debtor's Amount Necessary for Support

As a result, the only issue before the Court is the validity of Debtor's claimed exemption of $2,375.00 per month of additional support for Debtor and Ms. Larson, plus funds to pay the tax liability created by the distribution of income. (Def.'s Mot. at 3.)  As an initial matter, pursuant to the premarital agreement, Debtor is not obligated to provide financial support for Ms. Larson, and any distributions from the Harris Trusts were intended strictly for Debtor's support.  Indeed, the terms of the premarital agreement expressly designates all respective assets and earnings as separate property, including gifts. (Premarital Agreement ¶¶ 4-6, 8, 12.)  Thus, any monies necessary for Ms. Larson's support are not subject to exemption.  Furthermore, as Plaintiffs argue, Debtor's monthly $1000.00 "Contribution to living expenses" reflects any obligation he may have to support the household. (*See* Pls.' Opp'n at 2; Def.'s Mot., Ex. B.)

Debtor claims a net monthly income of $1,775.00 per month, and expenses of $2,365.00. (Defs.' Mot., Ex. B.)  Debtor does not claim any business income despite his claim that he operates a sole proprietorship "providing clerical and paralegal services on a contract basis to law firms." (Def.'s Mot. at 3, Ex. B.)  At the hearing, Debtor clarified that he has not been operating his business, and has not derived any income from self-employment in the past two years.

Debtor's monthly expenses include legal fees of $500.00 per month. *Id.*  Plaintiffs contend that, given the absence of a stated monthly business income, those expenses appear to have been incurred to finance the opposition to their Assignment Order, and do not constitute monies necessary for his support. (Pls.' Opp'n at 3.)  The Court agrees that allowing an exemption for the payment of legal expenses connected to this ongoing litigation would be tantamount to Plaintiffs financing Debtor's case against them in an effort to avoid payment of the outstanding judgment. Therefore, the Court deducts $500.00 from Debtor's support.

Additionally, Plaintiffs argued at the hearing that $250.00 per month for gas is excessive for someone who admits to being unemployed. (*See* Def.'s Mot.*,* Ex. B.) The Court agrees, in light of the fact that Mr. Harris has not driven for work purposes for two years, and reduces the

reasonable amount of gas to $100.00 per month.

In light of these reductions, the Court finds that Debtor reasonably requires $1,715.00 per month for his support.

### iii. Validity of Claimed Exemptions

In his claim of exemption, Debtor incorrectly cited to the California Code of Civil Procedure in support of his claim that, should the Trusts ever make a distribution, the amount necessary for his support and 75% of any amount over that would be exempt from assignment. (Def.'s Mot. at 3:23-28.) At the hearing, Debtor asked for an opportunity to supply the correct statutory citations by way of a supplemental letter, which the Court allowed.

In the supplemental letter, Debtor ultimately regurgitated the same unsuccessful argument made in connection with the motion for assignment. (*See* Def.'s Suppl. Letter at 1.) Specifically, Debtor argued that California Probate Code §§ 15306.5 and 15307 permits the exemption. (*Id.;* Def.'s Mot. at 3:23-28.) The Court, however, previously concluded that Section 15306.5 did not apply, because Plaintiffs are not currently attempting to compel distributions from the Trust, which would require filing a probate action in state court. (11/10/15 Order, Dkt. No. 382 at 8:13-24.) Similarly, Section 15307 is an exception to a trust's spendthrift provisions, which allows ordinary creditors to collect monies owed in excess of what the debtor requires for support by filing a petition under California Code of Civil Procedure § 709.010, and obtaining a court order "directing the trustee to satisfy all or part of the judgment out of the beneficiary's interest in the trust." Cal. Prob. Code § 15307. Here, as was the case with Debtor's claimed exemption under Section 15306.5, Plaintiffs have not filed a state probate action against the trustees, on behalf of the Trusts, to compel a distribution. Accordingly, both sections of the Probate Code are inapplicable, and do not serve to exempt a percentage of any future distributions from assignment.

Notwithstanding, with a net income of $1,775.00, and reasonable monthly expenses of $1,715.00, Debtor's present net income is adequate to cover his expenses. Moreover, Debtor has failed to articulate how the Trust funds, from which he has not received any further distributions, are necessary for his support in light of his net income. Since the debtor bears the burden of proving that an exemption applies, the burden has not been met.

## IV. CONCLUSION

In light of the foregoing, Judgment Debtor Michael F. Harris's claim for exemption is DENIED, and 100% of any distributions made to Michael F. Harris from the Rita Harris Trust, the Gilbert Harris Bypass Trust and/or the Michael Harris Discretionary Trust shall be assigned to Plaintiffs in partial satisfaction of Debtor's outstanding judgment. (*See* Dkt. No. 382.)

IT IS SO ORDERED.

Dated: July 8, 2016

KANDIS A. WESTMORE
United States Magistrate Judge